## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **COLLISTER MCKINLEY FAHIE,** | ) CASE NO. ST-2016-CV-00638 |
| Plaintiff, | ) ACTION FOR FRAUD, |
| vs. | ) DEFAMATION, INJURIOUS |
| | ) FALSEHOOD, CONSPIRACY, |
| | ) AND INTENTIONAL |
| **DWIGHT B. FERGUSON, SR., and MONIQUE** | ) INFLICTION OF EMOTIONAL |
| **VANTERPOOL-CHETRAM,** | ) DISTRESS |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |
| | ) |
| **DWIGHT B. FERGUSON, SR., and MONIQUE** | ) CASE NO. ST-2016-CV-00682 |
| **VANTERPOOL-CHETRAM,** | ) |
| | ) ACTION FOR TEMPORARY |
| | ) AND PERMANENT |
| Plaintiffs, | ) INJUNCTION |
| vs. | ) |
| | ) |
| **COLLISTER MCKINLEY FAHIE,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Cite as: VI Super 38U**

### <u>MEMORANDUM OPINION</u>

¶1     **THIS MATTER** is before the Court on the following pleadings filed in *Collister McKinley Fahie v. Dwight B. Ferguson, Sr. and Monique Vanterpool-Chetram*, Case No. ST-2016-CV-00638:

1.  Defendants' Motion For Summary Judgment, filed February 25, 2019;

2.  Plaintiff's Motion In Opposition To Defendants Motion For Summary Judgment And Counter-Motion For Summary Judgment, filed March 4, 2019;

3.  Defendants' Reply To Fahie's Opposition To Motion For Summary Judgment, filed March 19, 2019;

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 2 of 17

VI Super 38U

4.   Defendants' Opposition To Plaintiff's Counter-Motion For Summary Judgment, filed April 3, 2019; and

5.   Plaintiff's Reply To Opposition To Plaintiff's Counter-Motion For Summary Judgment, filed April 10, 2019.

¶2   Because Plaintiff knew, or should have known through due diligence, the actions of Defendants upon which his tort claims are based, the two-year statute of limitations bars Plaintiffs claims except those preserved by the discovery doctrine and the continuing torts doctrine. The Court will allow Plaintiff an opportunity to provide evidence that he only discovered the emails from one of the Defendants, Dwight B. Ferguson, Sr. ("Ferguson") to the United States Virgin Islands Soccer Association ("USVISA") in 2016. The Court will also allow Plaintiff to move forward on the merits of one of his intentional infliction of emotional distress claims.

## I.   INTRODUCTION

¶3   Plaintiff/Counter-Defendant Collister McKinley Fahie ("Fahie") filed *pro se*[1] a suit against Defendants/Counter-Plaintiffs Ferguson and Monique Vanterpool-Chetram ("Chetram") on October 28, 2016. In *Collister McKinley Fahie v. Dwight B. Ferguson, Sr. and Monique Vanterpool-Chetram*, Case No. ST-2016-CV-00638, Fahie's Complaint alleges five (5) counts against Defendants: Count I – Fraud; Count II – Defamation; Count III – Injurious Falsehood; Count IV – Conspiracy; and Count V – Intentional Infliction of Emotional Distress.[2] Ferguson and Chetram assert against Fahie a counterclaim of fraud and defamation and seek temporary and permanent injunctive relief against Fahie.[3] Fahie essentially alleges a large conspiracy, made up of Ferguson, Chetram, and others not included in the case, including Government and USVISA officials, existed to defraud him, oust him from the presidency of his soccer club, and have him criminally prosecuted.

¶4   Fahie was the Founder and President of United We Stand Sports Club, Inc. ("UWS"), founded January 19, 1999.[4] On January 14-15, 2000, Fahie and his wife, Judy Roland ("Roland"), opened a bank account with Scotiabank for UWS with himself, his wife, Dwight and Elizabeth Ferguson, and John Gumbs as signatories.[5] Any two signatories were required to sign for checks.[6] In 2003, Fahie rejoined his former team and resigned as President, but purportedly remained

---

[1] The Court will liberally construe Plaintiff's motions as they are filed *pro se*. See *Carrillo v. CitiMortgage, Inc.*, 63 V.I. 670, 679 (V.I. 2015) (quoting *Etienne v. Etienne*, 56 V.I. 686, 691 n.5 (V.I. 2012)); *Donovan v. Virgin Islands*, Case No. ST-12-CV-547, 2013 V.I. LEXIS 21, at *7 (V.I. Super. Ct. Mar. 25, 2013).
[2] Pl.'s Compl. 10-20.
[3] Defs.' Compl.; Opp'n To Pl.'s Counter-Mot. For Summ. J. 5.
[4] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 2.
[5] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 3-4.
[6] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 3-4.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 3 of 17

VI Super 38U

Chairman of the Board of Directors.[7]

¶5    Fahie contends no one was elected President until his re-election on November 29, 2010, which occurred at a bar and restaurant he operated in Savan, St. Thomas, V.I.[8] It is Fahie's contention that he spoke with Ferguson and informed him of this meeting.[9] Ferguson and Chetram contend that after Fahie's departure, Ferguson ran UWS as acting-President,[10] and they submitted minutes from a meeting allegedly held January 22, 2008, in Nevis, West Indies, where Ferguson was supposedly elected President.[11] Ferguson and Chetram assert that Fahie was no longer a member of UWS at the time of his election.[12]

¶6    In December of 2010, Fahie withdrew funds from the Scotiabank UWS bank account, supposedly for travel to St. Croix to represent UWS at a USVISA meeting.[13] On January 4, 2011, Ferguson purportedly adopted new Articles of Incorporation for UWS,[14] and UWS was certified by the Lt. Governor of the Virgin Islands, Gregory R. Francis, on February 17, 2011, with a back-date of January 19, 1999.[15] Over the course of 2011, Fahie contested with Ferguson and Chetram who the proper President of UWS was.[16] On June 10, 2011, the USVISA President, Hillaren Frederick, sent a letter to Fahie indicating that USVISA would recognize Ferguson as the President of UWS.[17]

¶7    On February 29, 2012, Fahie was charged with four (4) criminal counts: Uttering A False Instrument Of Writing, in violation of V.I. CODE ANN. tit. 14 §§ 791(2), 11(a); Filing Forged Instruments, in violation of 14 V.I.C. §§ 795, 11(a); Obtaining Money By False Pretense, in violation of 14 V.I.C. §§ 834(2), 11(a); and Grand Larceny in violation of 14 V.I.C. §§ 1081, 1083(1), 11(a).[18] The case[19] was eventually dismissed without prejudice on March 23, 2015.[20]

¶8    Among the documents Fahie relies on are the following: 1) a letter from Carlos Claxton ("Claxton") dated January 7, 2011, in which Claxton claims to not have knowledge of the November 29, 2010, meeting and states he was not a member of UWS;[21] 2) an affidavit, dated March 31, 2014, in which Claxton states he was at the meeting and that Ferguson had given him

---

[7] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 4.

[8] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 5.

[9] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 6; Aff. Of Judy Roland.

[10] Defs.' Opp'n To Pl.'s Counter-Mot. For Summ. J. 7.

[11] Defs.' Opp'n To Pl.'s Counter-Mot. For Summ. J. Ex. C.

[12] Defs.' Opp'n To Pl.'s Counter-Mot. For Summ. J. 4.

[13] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 7.

[14] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 1.

[15] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 1.

[16] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 1.

[17] Defs.' Opp'n To Pl.'s Counter-Mot. For Summ. J. Ex. F.

[18] Pl.'s Reply To Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. 3.

[19] *People v. Collister M. Fahie et al.*, Case No. ST-2012-CR-00068 (V.I. Super. Ct. Feb. 8, 2012) (unpublished).

[20] March 23, 2015 Order in the case of *People v. Collister M. Fahie et al.*, Case No. ST-2012-CR-00068 (V.I. Super. Ct. Feb. 8, 2012) (unpublished).

[21] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 2.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 4 of 17

VI Super 38U

the letter and had him sign it but he did not read it;[22] 3) a copy of the minutes from the alleged 2008 meeting with Fahie's annotations that the names of attending members "Valon Eddy," "Quinlan Chetram," and "Raymond Chetram" do not appear on a UWS club roster[23] and that one member, Dwight Ferguson, Jr., was only ten (10) years of age.[24]

¶9      Fahie also provides: 4) an affidavit, dated October 20, 2018, in which Roland states that Fahie was re-elected President on November 29, 2010;[25] 5) minutes from the November 29, 2010 meeting, which state that elections had not been held in over eight (8) years, which was a violation of the Articles of Incorporation as the Articles of Incorporation specify an officer's tenure is for four (4) years, and the minutes further state that, to return to "good standing" with the Lieutenant Governor's office, the Board of Directors declared elections would need to held.[26] The minutes also state that, among others, Ferguson was not present, and that Fahie was elected President.[27]

¶10      Additionally, Fahie provides: 6) his 2003 letter of resignation from UWS;[28] 7) a team transfer document;[29] 8) the 1999 Articles of Incorporation of UWS, which were received by the Lieutenant Governor's office January 19, 1999;[30] 9) a letter dated June 7, 1999, from the Lieutenant Governor's office stating that the Articles of Incorporation submitted were deficient because no name was included that indicated the corporation was a corporation, such as Inc. or Corp., and there was not a minimum of three (3) incorporators;[31] 10) alleged defamatory Facebook posts made by a person who is not Ferguson or Chetram and without indication as to when the Facebook posts were made;[32] 11) emails from Ferguson to the USVISA President in 2011 accusing Fahie of fraudulent and illegal activity; 12) emails from Chetram in 2011 regarding the Scotiabank account;[33] 13) a letter from the President of another soccer club which states that Fahie was a member of that soccer club until February 2010.[34]

¶11      Lastly, Fahie provides: 14) Articles of Incorporation made by Ferguson and Chetram in July of 2009;[35] 15) a notice of deficiency for the 2009 Articles of Incorporation dated July 28, 2009, that states that the Articles must distinguish between residential and mailing addresses, must state the time of commencement, must state the terms of admission to membership, must state what directors, managers or trustees there are, and must distinguish the addresses of the

---

[22] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 2.
[23] Which Fahie also provides.
[24] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 3.
[25] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 5.
[26] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 5.
[27] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 5.
[28] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 5.
[29] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 5.
[30] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 5.
[31] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 5.
[32] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Exs. 6, 4; Reply To Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. 4.
[33] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 1.
[34] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 1.
[35] Pl.'s Reply To Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. 1.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
**Memorandum Opinion**
**Page 5 of 17**

VI Super 38U

incorporators.[36] These Articles of Incorporation show Ferguson and Chetram trying to incorporate an organization with a similar name to UWS, "United We Stand Soccer Club, Inc."[37] Further, Fahie provides: 16) two different versions of the alleged 2008 meeting minutes, one which is notarized and contains UWS' name and another not notarized in different typeface that includes the "Soccer Club" version of the name;[38] 19) a 2014 email to his attorney from his criminal matter;[39] and 18) the report of the police officer who investigated him in 2012.[40]

¶12     Ferguson and Chetram proffer: 1) an email sent by Fahie to the head of USVISA in November of 2011, accusing Ferguson of slanderous and defaming statements, and discussing Ferguson and Chetram's alleged fraud;[41] 2) the list of Fahie's 2012 discovery demands in his criminal case;[42] 3) Ferguson and Chetram's 2011 statements to the police;[43] 4) the Pre-Trial Memorandum from the criminal case showing no outstanding discovery issues;[44] 5) an email from Fahie to Orville James ("James") in which he recounts a presentation before a USVISA Disciplinary Committee in which Fahie detailed the fraud allegedly perpetrated by Ferguson and Chetram;[45] 6) an email to Amaris Chew from Fahie with attached documents Fahie claims shows fraud by Ferguson and Chetram.[46]

¶13     Ferguson and Chetram also submitted: 7) a screenshot of a Facebook post from 2011 in which Fahie posts Ferguson and Chetram's 2011 Articles of Incorporation and alleges that it is fraudulent;[47] 8) other Facebook posts where Fahie lays out the co-conspirators, posts a document and states that John Gumbs, who was allegedly removed as Vice President in the 2008 election, still signed checks on behalf of UWS in 2010, and outlines his claim of alleged fraud in detail;[48] 9) the letter from USVISA to Fahie recognizing Ferguson as President of UWS;[49] 10) a letter from the General Secretary of USVISA noting that December 2, 2011 UWS elections were held and Ferguson was elected President.[50]

¶14     Ferguson and Chetram move for summary judgment on the grounds that Fahie's claims are barred by the statute of limitations.[51] Ferguson and Chetram state that the torts Fahie alleges are

---

[36] Pl.'s Reply To Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. 1.
[37] Pl.'s Reply To Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. 1.
[38] Pl.'s Reply To Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. 2.
[39] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 7.
[40] Pl.'s Reply To Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. 3.
[41] Defs.' Mot. For Summ. J. Ex. B.
[42] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Ex. A.
[43] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Ex. B.
[44] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Ex. C.
[45] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Ex. E.
[46] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Exs. F, G.
[47] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Ex. H.
[48] Defs.' Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. H.
[49] Defs.' Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. F.
[50] Defs.' Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. G.
[51] Defs.' Mot. For Summ. J. 2.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 6 of 17

VI Super 38U

premised on events that occurred between 2008-2011.[52] The fraud and injurious falsehood claims are based on documents created in January of 2011 which resulted in Fahie's arrest and incarceration;[53] the defamation claim is based on statements made in March, October, and November of 2011;[54] the conspiracy claim is based on events that occurred between January of 2011 through February of 2012;[55] and the intentional infliction of emotional distress claim is based on documents created and statements made in January, March, and October of 2011.[56]

¶15    Fahie states that Claxton revealed his letter was falsely notarized in an affidavit executed on March 31, 2014.[57] Fahie alleges that on April 25, 2016, he became aware of emails between Ferguson and Chetram, USVISA, and Scotiabank containing alleged defamatory statements because of discovery in another civil case and that on December 22, 2014, Fahie became aware of alleged intentionally false statements made by Ferguson and Chetram to the Virgin Islands Police Department ("VIPD").[58] Fahie alleges that the conspiracy against him was revealed to him by John Gumbs "just prior to his death on June 1, 2016."[59] In his opposition motion, Fahie claims Ferguson, Chetram, and their allies "to date . . . still continue . . . to defame Plaintiff by publishing known falsehood about him on social media, and in conversations."[60] Ferguson and Chetram assert that because this material arose from the same set of facts that led to his 2011 arrest, and he could have discovered them during his trial, this material is still barred by the statute of limitations.[61]

## II.    LEGAL STANDARD

### A.  Summary Judgment

¶16    Summary Judgment is governed by Rule 56 of the Virgin Islands Rules of Civil Procedure, which states:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.[62]

---

[52] Defs.' Mot. For Summ. J. 2-3.
[53] Pl.'s Compl. ¶¶ 55, 85, 96, 101.
[54] Pl.'s Compl. ¶¶ 78, 80.
[55] Pl.'s Compl. ¶ 89.
[56] Pl.'s Compl. ¶¶ 93-99.
[57] Pl.'s Compl. ¶ 72.
[58] Pl.'s Compl. ¶¶ 78, 79; Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 18.
[59] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 10.
[60] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 12.
[61] Defs.' Mot. For Summ. J. 4.
[62] V.I. CIV. P. 56(a).

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 7 of 17

VI Super 38U

¶17    Or, as the Virgin Islands Supreme Court stated in *Antilles School, Inc. v. Lembach*,[63] summary judgment is appropriate when after "considering all of the evidence, accepting the nonmoving party's evidence as true, and drawing all reasonable inferences in favor of the nonmoving party, the court concludes that a reasonable jury could only enter judgment in favor of the moving party."[64]

¶18    Summary judgment is a "drastic remedy" and only proper where "the pleadings, the discovery and disclosure materials on file . . . show that there is no genuine issue as to any material fact[.]"[65] The nonmoving party must show in its response to a motion for summary judgment that there are "specific facts showing a genuine issue for trial."[66] In addition, "[t]he non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial. Such evidence may be direct or circumstantial, but the mere possibility that something occurred in a particular way is not enough[.]"[67] For a nonmoving party to show some genuine issue of material fact for trial, "'the nonmoving party may not rest on its allegations alone, but must present actual evidence, amounting to more than a scintilla,' in support of its position."[68] Further, "[i]f the non-movant offers evidence that is 'merely colorable' or not 'significantly probative,' summary judgment may be granted."[69] Importantly, the "Court may not itself weigh the evidence and determine the truth; rather, we decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party."[70] Summary judgment may be granted because a claim is barred by the statute of limitations.[71]

¶19    Further, Rule 56(c)(2)(B)(ii) states that a party opposing summary judgment must address the facts the movant has relied on and, when disputed, state "that the fact is disputed and provid[e] affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon as evidence relating to each such material fact, by number."[72] Rule 56(e) provides that:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the

[63] 64 V.I. 400 (V.I. 2016).
[64] *Id.* at 409.
[65] *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 228 (V.I. 2013) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)).
[66] *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008) (quoting FED. R. CIV. P. 56(e)).
[67] *Id.* at 229 (quoting *Williams*, 50 V.I. at 194-95).
[68] *Anderson v. American Fed'n of Teachers*, 67 V.I. 777, 789 (V.I. 2017) (quoting *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 527-28 (V.I. 2012)).
[69] *Pemberton Sales & Serv. v. Banco Popular de P.R.*, 877 F. Supp. 961, 965 (D.V.I. 1994).
[70] *Williams*, 50 V.I. at 195 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).
[71] *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 232 (V.I. 2013) ("Accordingly, all of Anthony's counterclaims accrued in 1995 and the statute of limitations on each had long since run when he filed the counterclaims in 2007. We therefore affirm the trial court's grant of summary judgment in favor of FVI on all of the counterclaims.").
[72] V.I. R. CIV. P. 56(c)(2)(B)(ii).

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 8 of 17

VI Super 38U

motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order.[73]

## B. Statute of Limitations for Torts

¶20    Title 5, § 31 of the Virgin Islands Code states that "[c]ivil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute."[74] Subsection (5)(A) provides a two-year statute of limitations for:

> An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.[75]

¶21    Claims of fraud,[76] defamation,[77] injurious falsehood,[78] and intentional infliction of emotional distress[79] all fall within this two-year period for torts. The statute of limitations for a

---

[73] V.I. R. Civ. P. 56(e).

[74] 5 V.I.C. § 31.

[75] 5 V.I.C. § 31(5)(A).

[76] *Montgomery v. Estate of Griffith*, 49 V.I. 255, 264 (V.I. Super. Ct. 2008) (citing *Ingvoldstad v. Estate of Young*, 19 V.I. 115, 121 (D.V.I. 1982)) ("Fraud is considered a tort in the Virgin Islands, subject to the general tort two-year statute of limitations in V.I. Code Ann. tit. 5, § 31(5)(A) (1997)."); *Lawaetz v. Bank of N.S.*, 23 V.I. 132 (D.V.I. 1987) ("Under Virgin Islands law, fraud is governed by a two-year limitations period, 5 V.I.C. § 31 (5)(A) (1986 Supp.) that begins to run when the act is discovered. 5 V.I.C. § 32 (c).").

[77] *See, e.g.*, *Espersen v. Sugar Bay Club & Resort Corp.*, Civil No. ST-14-CV-355, __V.I.__, 2018 V.I. LEXIS 68, at *19 (V.I. Super. Ct. July 18, 2018) (internal citation omitted) ("A review of the record to identify the dates of accrual, and respectively, of expiration of each of Espersen's defamation claims, governed by a two-year statute of limitations, indicates that all of Espersen's defamation claims against Aimbridge are untimely.").

[78] Injurious falsehood claims, being so similar to libel and slander claims, are often treated the same as defamation claims by courts when it comes to statute of limitations. *See, Weinik v. Temple Univ. of the Commonwealth Sys. of Higher Educ.*, __F. Supp. 2d __, 2020 U.S. Dist. LEXIS 121340 (E.D. Penn. 2020) (treating defamation, libel, and injurious falsehood claims the same for purposes of statute of limitations); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 651 (S.D. Md. 2015) ("Defamation and injurious falsehood claims have a one-year statute of limitations in Maryland. Md. Code Ann., Cts. & Jud. Proc. § 5-105 (stating limitations period for assault, libel and slander actions)."); *Morrissey v. William Morrow & Co.*, 739 F.2d 962, 975 (4th Cir. 1984) ("Finally, and the consideration applies to the defamation and injurious falsehood claims as well as to invasion of privacy, the statute of limitations in the present action in the Virginia district court is for every count one year.").

[79] *McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 220 (V.I. Super. Ct. 2019) ("The statute of limitations has also run on Mrs. McKenzie's claims. Construing the complaint in the light most favorable to her, she appears to have joined her husband in claiming intentional and negligent infliction of emotional distress. Both claims would be subject to a two-year statute of limitations."); *Firstbank Virgin Islands v. Anthony*, Case No. ST-07-CV-214, 2010 V.I. LEXIS 149, at n.9 ("Likewise Defendant's claims for intentional infliction of emotional distress and negligent infliction of emotional distress would also be time barred by the two (2) year statute of limitations for tort actions. *See* 5 V.I.C. § 31(5)(A).").

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 9 of 17

VI Super 38U

civil conspiracy claim is the same as the underlying tort it is predicated on.[80] The Virgin Islands has adopted the discovery rule, which tolls the statute of limitations until the injury is discovered by plaintiff unless the injury was known or, through regular due diligence, knowable to the plaintiff.[81] In cases where the tort involves a persisting injury, the continuing torts doctrine provides that the statute of limitations begins to run and the cause of action accrues once the tortious conduct ends.[82]

## III.   ANALYSIS

### A. Ferguson and Chetram's statute of limitations argument

¶22    Fahie has alleged five (5) counts against Ferguson and Chetram. Ferguson and Chetram do not argue in their Motion For Summary Judgment the merits of any of these counts, merely that they are all barred by the statute of limitations. As stated above, the statute of limitations for conspiracy is the same as the underlying tort. Fahie in his Complaint argues that the conspiracy encompasses all the torts he alleges,[83] thus the Court will not consider that count separately. The Court will thus address the rest of the counts in light of Ferguson and Chetram's statute of limitations argument.

---

[80] *Gerald v. R.J. Reynolds Tobacco Co.*, 68 V.I. 3, 141 (V.I. Super. Ct. 2017) ("5 V.I.C. § 31(5)(A) and 5 V.I.C. § 32(c) also apply to Gerald's civil conspiracy claim since that claim is subject to the statute of limitations applicable to its underlying tort claim[.]").

[81] *United Corporation v. Hamed*, 64 V.I. 297, 305-06 (V.I. 2016) (quoting *Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273 (V.I. 2012)) ("'The discovery rule tolls the statute of limitations when, despite the exercise of due diligence, the injury or its cause is not immediately evident to the victim.' 'Under the discovery rule, the focus is not on the plaintiff's actual knowledge, but rather whether the knowledge was known, or through the exercise of diligence, knowable to the plaintiff.'"); *Oliver v. Terminix International Co.*, 2020 VI SUPER 54, ¶ 7 (quoting *Santiago*, 57 V.I. at 273) ("To benefit from the discovery rule, 'a plaintiff must establish that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.'"); *see also Carroll v. Robert F. Craig P.C. (In re Innovative Commun. Corp.)*, 507 B.R. 841 (Bankr. D.V.I. Mar. 19, 2014) (quoting *Island Insteel Sys. v. Waters*, 44 V.I. 389 (3d Cir. 2002)) ("The Court agrees with the Trustee. Because the Virgin Islands version of the UFCA does not have any statute of limitations provision, the court must 'follow the traditional practice of borrowing the most analogous statute of limitations from state law.' If the most analogous statute of limitations incorporates the Discovery Rule, that should be applied as well.").

[82] *Anderson v. Bryan*, Civil No. ST-08-CV-545, 2010 V.I. LEXIS 109, at *8 (V.I. Super. Ct. Dec. 6, 2010) (quoting *Barnes v. American Tobacco Co.*, 161 F.3d 127, 154 (3d Cir. 1998)) ("The continuing torts doctrine stands for the proposition that, 'when a tort involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases.' In such a case, the 'cumulative effect of the conduct,' rather than a single incident, is actionable. 'Moreover, since one should not be allowed to acquire a right to continue the tortious conduct, it follows logically that statutes of limitations should not run prior to its cessation.'").

[83] Plaintiff states in ¶ 89 of his Complaint: "The timeline explicitly expounded in this complaint, from January 04, 2011 to February 04 2012 outlines the conspiracy to maliciously injure Plaintiff as well as all of the bad actors in the scheme to defraud, defame and emotionally destroy him."

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 10 of 17

VI Super 38U

## 1. Count I - Fraud and Count IV - Conspiracy

¶23    Fahie's Count I is fraud based on allegedly forged and rubber-stamped documents dating between 2008 and 2011, including the minutes from a meeting purportedly held in Nevis and Articles of Incorporation sent to the Lieutenant Governor's office. Fahie, in 2011, recognized that these documents may be fraudulent and being used for fraudulent purposes, as indicated by numerous Facebook posts[84] and emails Fahie sent in 2011.[85] For example, in the email to James, Fahie states:

> I showed that it was only after new Election was set for the USVISA for January 2011, that Dwight Ferguson and Monique Chetram fraudulently manufactured minutes of a UWS election in Nevis in 2008 and notarized those minutes on January 11, 2011 . . . . [T]he USVISA has dismissed the numerous other affidavits which clearly state that Dwight Ferguson and Monique Chetram have committed fraud and have done all this with the aid of many who now serve on the current USVISA Exco. There was no election of UWS in Nevis in 2008 and so every document, license, and action derived from that "fraud" is another layer upon layer of violations.[86]

¶24    In the same email, Fahie writes:

> Tamarni Huggins then said that Dwight Ferguson and Monique Chetram had almost destroyed his family by trying to turn brother against brother through lies, deceit and a letter written by Monique Chetram which they coerced Carlos Claxton his brother, to sign. A letter that Carlos Claxton has now recanted, a letter that is the only thread of evidence that the USVISA has held aloft as proof of ethics violations on the part of Collister Fahie and Tamarni Huggins.[87]

¶25    Fahie provides this letter, dated January 7, 2011, as well as a sworn affidavit from March 31, 2014, in which Claxton recants the letter and additionally states he was not before a notary when he signed it even though the document is notarized. Further, in a 2011 email to the President of USVISA Fahie states: "You allude to another manufactured document called the UWS Constitution that you say was ratified on August 22, 2007. Your ability to have back dated and fraudulent documents suddenly pop up and recognized is mind-boggling."[88]

¶26    It thus appears that Fahie had actual knowledge of these fraudulent documents as of 2011. While Fahie is correct in pointing out there appear to be two different versions of the allegedly

---

[84] Defs.' Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. H.
[85] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Ex. E; Defs.' Mot. For Summ. J Ex. B.
[86] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Ex. E.
[87] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Ex. E.
[88] Defs.' Mot. For Summ. J Ex. B.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 11 of 17

VI Super 38U

fraudulent 2008 Nevis meeting minutes,[89] with one document containing a different typeface and the letterhead stating "UWS UPsetters Soccer Club" on one and "United We Stand Sports Club" on the other, the underlying information contained is essentially the same, that Ferguson and Chetram claim they held an election in 2008. The Court does not consider the veracity of these documents however, only whether Fahie was aware of the underlying alleged fraud. As Fahie stated above, he was aware of Ferguson and Chetram's claims of a purported meeting evidenced by minutes – that two different versions of potentially falsified minutes exist - does not change this awareness.

¶27    Fahie references the Claxton letter in his 2011 email, so it was assuredly known to him. Further, even assuming *arguendo* he was ignorant of it in 2011, he would have known about it by March 31, 2014, the date of the affidavit from Claxton. Thus, any claim related to this is outside the two-year statute of limitations period. Fahie's claims that the Scotiabank checks and agent forms constitute fraud are also barred by the statute of limitations, as the dispute over who could withdraw from the Scotiabank account formed the basis of his 2012 arrest, and thus the checks were known or knowable through due diligence during discovery after his arrest. While Fahie states in a motion that the conspiracy against him was revealed by John Gumbs in 2016, there is no evidence provided beyond his unsworn allegation, and regardless, the bulk of evidence shows there is no genuine dispute that Fahie was aware of the underlying alleged fraud being perpetrated against him by Ferguson and Chetram.

¶28    Lastly, Fahie in his reply motion indicates that the 2009 Articles of Incorporation provided by Ferguson and Chetram, which appear to be an attempt to file documents for a similar sounding entity to UWS, "United We Stand Soccer Club, Inc." instead of "United We Stand Sports Club, Inc.," constitutes fraud.[90] He also contends that the bank account Ferguson and Chetram set up for this entity in 2016 constitutes fraud.[91] While Fahie alleges in his Complaint he was defrauded by the 2011 Articles of Incorporation, by checks made out to Scotiabank, by the 2008 minutes, and the Claxton letter, nowhere in his Complaint does he allege that the establishment of this entity or a bank account for it by Ferguson and Chetram constitutes fraud against him. As these allegations are not properly before the Court and appear in a reply motion, the Court will not consider them. Thus, Fahie's claims of fraud, and conspiracy to defraud, are barred by the two-year statute of limitations.

### 2.    Count II – Defamation (¶¶ 6-11; 76-82) and Count IV - Conspiracy

¶29    Fahie's next claim is for defamation. Fahie alleges in his Complaint that in April of 2016 and December of 2014, he became aware of defamatory statements made by Ferguson and Chetram to USVISA, Scotiabank, and VIPD.[92] Fahie asserts that these defamatory remarks include that "he was involved in criminal activities, was a criminal, and had illegally taken funds from the

---

[89] Pl.'s Reply To Opp'n To Pl.'s Counter-Mot. For Summ. J. Ex. 2.
[90] Pl.'s Reply To Opp'n To Pl.'s Counter-Mot. For Summ. J. 2-5.
[91] Pl.'s Reply To Opp'n To Pl.'s Counter-Mot. For Summ. J. 2-5.
[92] Pl.'s Compl. ¶¶ 78-79.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 12 of 17

VI Super 38U

UWS bank account in 2010."[93] Fahie also alleges other potential defamatory accusations in his statement of facts – that Ferguson stated "Mr. Fahie and his cohorts committed a number of illegal and fraudulent acts against UWS Club between November 2010 and February 2011" and that "he orchestrated the removal of Derrick Martin as President of the USVISA."[94] Beyond the general assertion of defamatory statements that Fahie is a criminal and an assertion that Ferguson and Chetram made "unlawful verbal and written communications with Scotiabank, to 'set-up' and defame Plaintiff,"[95] Fahie makes no specific representation as to defamatory statements made by Chetram in particular. While Fahie alleges that Chetram and Ferguson continue to defame him to this day, Fahie has offered no additional evidence to support this claim. Fahie also asserts that other parties made false statements about him, but as these parties are not named in this case, the Court will only consider statements allegedly made by Ferguson and Chetram in considering whether the statute of limitations bar applies and whether the discovery rule has tolled the application of the statute of limitations.

¶30    Fahie asserts in his Complaint that the attorney for his co-defendant in the criminal case, Tamarni Huggins, provided to him on December 22, 2014, the handwritten statements Ferguson and Chetram made to VIPD.[96] Fahie provides a May 6, 2014 email between him and the attorney from his criminal case stating that his co-defendant's attorney shared by phone discovery documents that the attorney received.[97] Fahie requested he be provided through his attorney: "1. Copy of their witness list; 2. The copy of Carlos Claxton's passport information; 3. Letters from John Gumbs; 4. Copy of minutes of UWS Sports Club Election in Nevis in 2008; 5. Affidavits given by Sonia Alfred, Monique Chetram, Glen Monticieux, Ferdinand Francis, Hillaren Fredericks, John Gumbs, Dwight Ferguson and Bernard James; 6. Any other discovery documents."[98] The Pre-Trial Memorandum for the criminal case lists Officer Lynod Richards and Chetram among the list of possible witnesses, but not Ferguson.[99] Fahie provides an email chain between Chetram, USVISA, and Scotiabank in which she requests the signature cards for the UWS bank account because USVISA and VIPD requested them.[100] Fahie also provides an email from Chetram to USVISA which has an attachment containing UWS's current team roster and the outcome of the December 2, 2011 elections.

¶31    Summary judgment in favor of Chetram is appropriate. Beyond mere allegations against Ferguson and Chetram that they defamed him as a criminal, Fahie provides no evidence of specific statements that Chetram made to defame him to USVISA, or Scotiabank as a criminal, merely evidence that she requested signature cards with no mention of Fahie. Even assuming there was such evidence, Chetram was a witness in Fahie's criminal trial and any potential defamatory statements to Scotiabank or VIPD could have been easily discoverable through due diligence.

---

[93] Pl.'s Compl. ¶ 78.
[94] Pl.'s Compl. ¶¶ 9, 10.
[95] Pl.'s Compl. ¶ 30.
[96] Pl.'s Compl. ¶¶ 13-14.
[97] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 7.
[98] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 7.
[99] Defs.' Reply To Fahie's Opp'n To Motion For Summ. J. Ex C.
[100] Mot. For Summ. J. And Counter-Mot. For Summ. J. Ex. 1.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 13 of 17

VI Super 38U

Additionally, Chetram's email to USVISA contains no defamatory statements or any mention of Fahie. The email containing the outcome of the elections was known to Fahie as shown by his Facebook posts, and likewise contains no mention of him. Fahie has not provided any evidence that shows a genuine dispute of a material fact that would defeat the statute of limitations, let alone any potential defamatory statements by Chetram to Scotiabank or USVISA beyond generalized unsupported allegations.

¶32    As for the handwritten statements Ferguson and Chetram made to VIPD, Fahie claims he did not receive the handwritten statements from his co-defendant's attorney until December 2014. Fahie provides no evidence for this claim beyond his unsworn statements. Fahie does provide evidence that in May of 2014 he was shown evidence by the co-defendant's attorney and that he requested the discovery materials from his criminal case. This time frame is outside the two-year statute of limitations. Further, Ferguson and Chetram show that the March 8, 2011 handwritten statement by Ferguson and the October 17, 2011 statement by Chetram were provided by the People to Fahie in his criminal case through the People's Supplemental Demand For Notice of Alibi Discovery and Reciprocal Demand on August 30, 2012.[101]

¶33    Fahie thus had actual knowledge, or at the very least, actual knowledge imputed to him through his agent, in 2012.[102] Even assuming *arguendo* he did not know, this knowledge should well have been discoverable through due diligence in advance of 2014 when Fahie apparently began to search for it. Fahie knew of Ferguson and Chetram's involvement in the events leading up to his arrest, as demonstrated by his Facebook posts and emails, and he knew the name of the officer that was listed on the potential witness list. Thus, Fahie's claims of defamation as relates to VIPD and the handwritten sworn statements by Ferguson and Chetram are barred by the statute of limitations.

¶34    However, as to Fahie's defamation claims that Ferguson defamed him to USVISA in certain emails, the Court finds that summary judgment is not yet appropriate at this stage. Fahie claims to have been made aware of these emails in 2016, as they were provided by USVISA in connection with discovery in another civil case.[103] Ferguson and Chetram state that "[w]hile the Complaint alleges Plaintiff became aware of certain emails and statements in 2014 and 2016" the two-year statute of limitations still applies because the claims asserted "arise from the same facts on which the 2012 criminal proceedings against Plaintiff were based."[104] This argument ignores the discovery rule. While any statements to police assuredly arise from the same set of facts as the 2012 criminal proceeding, the Court is not convinced potentially defamatory emails between Ferguson and USVISA are necessarily so related to the 2012 criminal proceeding that they ought to have been knowable through due diligence.

---

[101] Defs.' Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. E.

[102] *See Arlington Funding Services, Inc. v. Geigel*, 118, 131 (V.I. 2009) ("Thus, knowledge of facts by an attorney is knowledge by the client, regardless of whether the attorney actually communicated the information to the client.") *abrogated on other grounds by Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 564 (V.I. 2012) (abrogating the jurisdictional issue that arose in *Arlington Funding Services, Inc.*).

[103] Pl.'s Mot. In Opp'n To Defs.' Mot. For Summ. J. And Counter-Mot. For Summ. J. 18.

[104] Defs.' Mot. For Summ. J. 4.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 14 of 17

VI Super 38U

¶35   The 2012 criminal proceeding involved allegedly fraudulent UWS documents, the disputed organizational structure of UWS, and checks withdrawn from Scotiabank. While USVISA was incidentally relevant to that proceeding insofar as it eventually officially recognized Ferguson as President,[105] private communications from USVISA were not relevant to the case. The People were prosecuting fraud allegedly committed at Scotiabank against UWS; USVISA was only tangentially related, at best, and its communications would not need to be uncovered in order to prosecute or defend against an alleged fraud at Scotiabank not involving it.

¶36   This is underscored by the items provided in the Supplemental Demand For Notice Of Alibi Discovery And Reciprocal Demand, which lists documents pertaining to UWS and Scotiabank, such as bank receipts and consent of agent forms, and statements from employees and agents of Scotiabank as well as members of UWS.[106] Therefore, it does not appear to the Court that regular due diligence would make the private communications between USVISA and others, including Ferguson, knowable. This is even more the case since Ferguson was not even a potential witness as shown by the Pre-Trial Memorandum. Due diligence was undertaken by Fahie's attorney in the criminal case as regards all relevant information necessary to conduct a successful defense, as evidenced by the dismissal of charged against Fahie. Under these circumstances, the Court cannot extend the standard of due diligence to require Fahie to have subpoenaed all communications from all tangentially related parties.

¶37   Further, one of the statements Fahie highlights as potentially defamatory to him in these emails is the statement alleging that he "orchestrated the removal of Derrick Martin as President of the USVISA."[107] This statement has nothing to do with the underlying criminal charges. Fahie states that he only discovered these emails in 2016. The discovery rule would therefore toll the statute of limitations, and his 2016 filing of defamation claims based on these emails would be within the proper time period. However, in his response to Ferguson and Chetram's Motion For Summary Judgment, Fahie merely relies on his unsworn statements, and he does not provide citations to the record, sworn affidavits, or any other evidence to verify this claim as required by Virgin Islands Rule of Civil Procedure 56. Mindful that Fahie is proceeding *pro se*, the Court will exercise its power under Virgin Islands Rule of Civil Procedure 56(e)(1) to give Fahie an opportunity to properly support and provide evidence for the claim that he only discovered the Ferguson-USVISA emails in 2016. Therefore, Ferguson and Chetram's Motion For Summary Judgment, as regards any potential defamatory statements contained within emails between Ferguson and USVISA which Fahie uncovered in 2016, will be denied.

### 3.  Count III- Injurious Falsehood and Count IV - Conspiracy

¶38   Fahie alleges that he lost his business based on the "defamatory statements fraud, and forgery committed by Defendants which also resulted in his arrest and incarceration in 2012" and

---

[105] Defs.' Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. F.
[106] Defs.' Opp'n To Pl.'s Counter-Motion For Summ. J. Ex. E.
[107] Pl.'s Compl. ¶ 10.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 15 of 17

VI Super 38U

based on the discussed allegedly fraudulent 2011 documents.[108] Fahie does not provide evidence as to these businesses, or any connection between them and the alleged fraudulent documents or defamatory statements which lead to his arrest. More importantly, as outlined above, Fahie knew of the documents and statements which lead to his arrest, or they were knowable through due diligence, as far back as 2011, and certainly by the time of discovery in his criminal case. Thus, this count is time-barred by the two-year statute of limitations.

### 4. Count V - Intentional Infliction of Emotional Distress and Count IV - Conspiracy

¶39    Fahie also alleges that Ferguson and Chetram committed intentional infliction of emotional distress by:

> a. failing to adequately provide accurate information about UWS bank account #1304414 to the authorities; b. intentionally making false statements to Scotiabank the USVISA VIPD and DOJ about Plaintiff and UWS; c. intentionally causing an invalid transaction of a financial instrument for UWS; d. intentionally creating fraudulent and forged UWS documents to defame and injure Plaintiff; and e. masquerading as representatives of UWS from January 04, 2011 to date.[109]

¶40    Any claim based on (a) is barred by the statute of limitations, as this information was knowable by due diligence at the time of his trial at the very least. As to (b), Fahie's only elaboration as to what these false statements might be is that "[o]n Tuesday March 08, 2011, Defendant Ferguson, Sr., made/said intentionally false statement under oath to the VIPD causing injury to Plaintiff" and "[o]n October 17 2011, Defendant Monique Chetram, made/said intentionally false statements under oath to the VIPD causing injury to Plaintiff."[110] Only VIPD is mentioned. As stated above, the statute of limitations for this conduct has also run as these statements were known or knowable before 2014. Points (c) and (d) likewise involve conduct and documents Fahie knew of in 2011 or, at the very least, by the time of his trial, and thus summary judgment barring these intentional inflictions of emotional distress claims is appropriate.

¶41    On the other hand, (e) claims that Ferguson and Chetram's continued posturing as representatives of UWS is injurious to Fahie to this day. The continuing torts doctrine suspends the statute of limitations until the injurious action ceases. Fahie has provided evidence that he was elected President and that the 2008 election of Ferguson and Chetram as UWS officials may have been fraudulent and that Ferguson and Chetram manufactured their positions after Fahie won the election. Ferguson and Chetram have provided evidence that Fahie was perhaps no longer a UWS member at the time of his election. There is a genuine issue of material fact regarding this claim, and summary judgment based on the statute of limitations is improper here. Fahie may move

---

[108] Pl.'s Compl. ¶¶ 84-86.
[109] Pl.'s Compl. ¶ 93.
[110] Pl.'s Compl. ¶¶ 97, 99.

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
Memorandum Opinion
Page 16 of 17

VI Super 38U

forward with his claim that Ferguson and Chetram are intentionally inflicting emotional distress by continuing to serve as officers of UWS. As to the other claims of intentional infliction of emotional distress, they are time-barred by the two-year statute of limitations.

### B. Fahie's "counter-motion for summary judgment" is denied

¶42     Fahie labels his opposition motion "Plaintiff's Motion In Opposition To Defendants Motion For Summary Judgment And Counter-Motion For Summary Judgment." At no point does Fahie offer an argument against Ferguson and Chetram's counterclaims other than to say that everything Fahie has "said, written, [and] published pertaining to defendants is the truth."[111] Fahie mostly appears to just be arguing that the Court should find in his favor on the merits of the counts he has alleged in his Complaint.[112] Ferguson and Chetram claim Fahie has no right to represent UWS or speak on its behalf and have shown that Fahie left the club in 2003. Fahie contends he was elected President and after that Ferguson and Chetram forged fraudulent documents and created a secondary entity to usurp UWS. Because there is a genuine dispute of material fact here, summary judgment is not appropriate. Therefore, Fahie's countermotion will be denied.

## IV.     CONCLUSION

¶43     In the matter captioned *Collister McKinley Fahie v. Dwight B. Ferguson, Sr. and Monique Vanterpool-Chetram*, Case No. ST-2016-CV-00638, Fahie initiated suit October 28, 2016, and Ferguson and Chetram filed their counterclaim on November 10, 2016. Ferguson and Chetram filed their Motion For Summary Judgment on February 25, 2019, alleging that Fahie's claims are barred by the two-year statute of limitations for tort claims. Fahie's claims of fraud and injurious falsehood are barred by the statute of limitations. However, the Court will grant Fahie an opportunity to provide evidence to support that he only became aware of Ferguson's statements to USVISA in 2016. The Court will also allow Fahie to proceed on the merits on his claim that Ferguson and Chetram's positions as officials for UWS is an intentional infliction of emotional distress, as it is not time-barred under the continuing torts doctrine. Fahie's countermotion for summary judgment against Ferguson and Chetram will be denied as there exists a genuine dispute of material fact.

---

[111] Pl.'s Reply To Opp'n To Pl.'s Counter-Mot. For Summ. J. 1-2.

[112] In Plaintiff's Motion In Opposition To Defendants Motion For Summary Judgment And Counter-Motion For Summary Judgment, Plaintiff states on page 19: "The law is clear. It is Plaintiff's belief, based on the information available to him, that defendants committed fraud, defamation, injurious falsehood, conspiracy, and intentional infliction of emotional distress against him. Plaintiff believes the defendants were of sound mind at the time and malicious in intent and did unlawfully cause him injury for which he seeks summary judgment of the damages outlined in his Complaint and all other damages the Court may deem fit."

*Collister McKinley Fahie v. Dwight B. Ferguson, Sr. et al.*
Case No. ST-2016-CV-00638
*Dwight B. Ferguson, Sr., et al. v. Collister McKinley Fahie*
Case No. ST-2016-CV-00682
**Memorandum Opinion**
**Page 17 of 17**

VI Super 38U

An appropriate judgment follows.

DATED: March **29** , 2021

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY: _____

*for* **LORI BOYNES**
Chief Deputy Clerk **3** / **29** / **2021**